```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DISTRICT
```

**OSCAR STILLEY**                                                                         **PLAINTIFF**

        v.                    Civil No. 08-2032

**UNIVERSITY OF ARKANSAS AT FORT
SMITH; SEBASTIAN COUNTY, ARKANSAS;
and PAUL BERAN**                                                                          **DEFENDANTS**

## O R D E R

Now on this 22nd day of October, 2008, come on for consideration **Separate Defendants, University Of Arkansas Fort Smith And Dr. Paul Beran's, Motion To Dismiss Complaint** (document #3) and the **Motion To Dismiss** of Sebastian County, Arkansas (document #13), and from said motions, the supporting documentation, and the responses thereto, the Court finds and orders as follows:

1. Plaintiff's Complaint alleges false imprisonment and denial of due process against all defendants, and conversion and unjust enrichment against separate defendant University of Arkansas at Fort Smith ("UAFS").

All defendants now move for dismissal of the Complaint. The matter is fully briefed and ripe for decision.

2. UAFS contends that it is not an entity subject to suit, being only a campus of the University of Arkansas. In support of its contention, it attaches to its motion a document entitled Agreement Of Merger And Plan Of Transition (the "Agreement"), dated December 15, 2000, which evidences the contemplated merger

of the Board of Trustees of the University of Arkansas with the Board of Trustees of the Sebastian County Community Junior College District, to result in a new campus of the University of Arkansas System known as UAFS.

Stilley does not assert any objections to the authenticity or relevancy of the Agreement, and the Court does not find that any consideration it has given this document requires conversion of the motion to one for summary judgment pursuant to **F.R.C.P. 12(d)**, given that Stilley identified the defendant as the University of Arkansas at Fort Smith.  It is clear from the pleading that Stilley is suing one campus of the wider university system, and under these circumstances the claim against UAFS must be dismissed.  See **Assaad-Faltas v. University of Arkansas for Medical Sciences, 708 F.Supp. 1026 (E.D. Ark. 1989), aff'd without opinion, 902 F2d 1572 (8th Cir. 1990), cert. denied, 498 U.S. 905 (1990)** and **University of Arkansas for Medical Sciences v. Adams, 354 Ark. 21, 117 S.W.3d 588 (Ark. 2003)**.

Stilley indicates in his brief that if the Court finds UAFS is not a suable entity, he desires an opportunity to amend his Complaint so as to restate his claims against the University of Arkansas.  Leave to amend is freely given where justice so requires, but justice does not require leave to be given where the amendment would be futile.  **Dennis v. Dillard Department Stores, Inc., 207 F.3d 523 (8th Cir. 2000).**  In this case, Stilley's

putative claims against UA would be barred by the Eleventh Amendment, **Assaad-Faltas**, and would be futile. The Court will, therefore, grant UAFS' motion to dismiss.

3. Defendant Beran joins in the UAFS Motion To Dismiss, asserting that he is "one of its' officials" and has been sued only in his official capacity because there is no indication that he is sued in his individual capacity.[1] Beran reasons that since the entity of which he is an official is not suable -- or is immune from suit -- he is likewise immune or not suable in his official capacity.

As with his claims against UAFS, Stilley asks that, if the Court is inclined to grant Beran's Motion To Dismiss, it allow him to amend to assert an individual capacity claim against Beran.

Although the Court doubts that Stilley -- who has a legal education -- did not know the rules regarding individual/official capacity suits when he crafted his Complaint, it will allow him ten (10) days from the date of this Order to amend his Complaint as to defendant Beran only. The Court will take the Motion To Dismiss as to Beran under advisement until that time.

4. Separate defendant Sebastian County, Arkansas ("Sebastian County") moves for dismissal based on the statute of limitations and the fact that it is entitled to functional

---

[1] The Complaint does not even indicate who Beran is, let alone whether he is sued in his individual capacity, his official capacity, or both.

judicial immunity because Stilley's incarceration by Sebastian County was ordered by Circuit Judge Stephen Tabor.

The Arkansas statute of limitations on a false imprisonment claim is one year.  **A.C.A. §16-56-104.**  Stilley alleges that he was falsely imprisoned from "May 26, 2007 through April 13, 2007." He filed his Complaint on April 14, 2008.  Sebastian County contends that Stilley's incarceration began on March 26, rather than May 26, and Stilley does not dispute this. It appears that the word "May" in his pleading is a typographical error.

Stilley contends that he properly computed the last date of filing, in that false imprisonment is a continuing tort, **Missouri Pacific Railroad Co. v. Yancey**, 180 Ark. 684, 22 S.W.2d 408 (Ark. 1929), and that the last day of the one-year period, April 13, 2008, fell on a Sunday so that his filing on Monday, April 14, 2008, was timely under **F.R.C.P. 6.**  The Court finds that Stilley is correct in these assertions.

The argument regarding functional judicial immunity rests on a line of cases derived from **Pulliam v. Allen**, 466 U.S. 522 (1984), pursuant to which judicial immunity is not a bar to prospective injunctive relief.  The infirmity of this argument is that Stilley's Complaint seeks money damages against Sebastian County for an alleged past false imprisonment -- not injunctive relief to prevent a future imprisonment.  Stilley's position, therefore, is without merit, and Sebastian County's Motion To

Dismiss will be granted.

**IT IS THEREFORE ORDERED** that **Separate Defendants, University Of Arkansas Fort Smith And Dr. Paul Beran's, Motion To Dismiss Complaint** (document #3) is **granted in part and taken under advisement in part.**

The motion is **granted** insofar as it seeks dismissal of plaintiff's claims against the University of Arkansas at Fort Smith.

The motion is **taken under advisement** insofar as it pertains to separate defendant Paul Beran, and Stilley will be allowed ten (10) days to amend his Complaint with regard to this defendant only, whereupon the Court will again take up consideration of Beran's Motion To Dismiss.

**IT IS FURTHER ORDERED** that the **Motion To Dismiss** of Sebastian County, Arkansas (document #13) is **granted**, and plaintiff's claims against Sebastian County, Arkansas, are **dismissed.**

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**